UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALLEN SHARONOFF,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. NASH, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-01694-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>[ECF No. 7] |

　　　　Plaintiff Kenneth Allen Sharonoff is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On November 15, 2013, Plaintiff filed motion requesting a preliminary injunction. Plaintiff seeks an order preventing the defendants from disposing and/or destroying Plaintiff's "Cosmic Hidden Message" publication.

　　　　"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in is favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id.</u> "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

At this stage in the proceedings, Plaintiff's motion must be denied. Plaintiff's complaint has not yet been screened and the Court cannot discern whether there is a case or controversy, nor does the court have jurisdiction over any of the defendants in this action. Moreover, in an order issued concurrently herewith, the Court has granted Plaintiff's request to file an amended complaint. None of the defendants have been served or appeared in this action, and "a federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985).

Accordingly, Plaintiff's motion for a preliminary injunction is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **November 26, 2013**

_____
UNITED STATES MAGISTRATE JUDGE